MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA  90017-3383
TELEPHONE 213-629-7600
FACSIMILE 213-624-1376

Robert G. Warshaw (State Bar No. 140184)
r.warshaw@mpglaw.com
Stephen M. Green (State Bar No. 201626)
s.green@mpglaw.com

Attorneys for Third Party Defendant
G.J. SULLIVAN CO. EXCESS & SURPLUS LINES BROKERS
(erroneously sued as G.J. SULLIVAN INSURANCE CO.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR INSURANCE COMPANY, a Michigan Corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>SUNWEST METALS, INC., a California Corporation,<br><br>    Defendant.<br><hr>SUNWEST METALS, INC.,<br><br>    Counterclaimant and Third Party Plaintiff,<br><br>  vs.<br><br>STAR INSURANCE COMPANY, a Michigan Corporation; THOMAS DUNLAP INSURANCE AGENCY, LLC, a California Limited Liability Company; DEAN T. DUNLAP, an individual; THOMAS R. DUNLAP, an individual; G.J. SULLIVAN INSURANCE CO., a California Corporation and DOES 1 through 10, inclusive,<br><br>    Counter-Defendant and Third Party Defendants. | CASE No. SACV13-1930 DOC (DFMx)<br><br><br><br><br><br><br><br>**ANSWER TO COUNTERCLAIM AND THIRD PARTY COMPLAINT OF SUNWEST METALS, INC.** |

888626.3

1  Third Party Defendant G.J. Sullivan Co. Excess & Surplus Lines Brokers
2  (erroneously sued as G.J. Sullivan Insurance Co.) ("Sullivan"), by and through its
3  undersigned counsel of record, states the following as its Answer to the
4  Counterclaim and Third Party Complaint of Defendant, Counterclaimant and Third
5  Party Plaintiff Sunwest Metals, Inc. ("Sunwest") ("Third Party Complaint").

6                                **PARTIES**

7       1.    Sullivan admits that Sunwest is a corporation that maintains its
8  principal place of business in Orange County, California.  Except as expressly
9  admitted, Sullivan is without sufficient knowledge or information to form a belief as
10 to the truth of the allegations in paragraph 1 of the Third Party Complaint, and on
11 that basis denies the allegations in that paragraph.

12      2.    Sullivan admits the allegations in paragraph 2 of the Third Party
13 Complaint.

14      3.    Sullivan admits that Meadowbrook provided underwriting services and
15 administered claims on behalf of Star Insurance Company ("Star").  Except as
16 expressly admitted, Sullivan is without sufficient knowledge or information to form
17 a belief as to the truth of the allegations in paragraph 3 of the Third Party
18 Complaint, and on that basis denies the allegations in that paragraph.

19      4.    Sullivan is without sufficient knowledge or information to form a belief
20 as to the truth of the allegations in paragraph 4 of the Third Party Complaint, and on
21 that basis denies the allegations in that paragraph.

22      5.    Sullivan is without sufficient knowledge or information to form a belief
23 as to the truth of the allegations in paragraph 5 of the Third Party Complaint, and on
24 that basis denies the allegations in that paragraph.

25      6.    Sullivan is without sufficient knowledge or information to form a belief
26 as to the truth of the allegations in paragraph 6 of the Third Party Complaint, and on
27 that basis denies the allegations in that paragraph.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3

2

7.      Sullivan admits the allegations in paragraph 7 of the Third Party Complaint.

8.      Sullivan admits that in May 2011, Dunlap Insurance and it entered a Producer's Agreement, which speaks for itself.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

9.      Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

## JURISDICTION AND VENUE

10.      Sullivan admits that Star initiated this litigation by filing a Complaint against Sunwest on or about December 12, 2013, which seeks Rescission and Reimbursement.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

11.      Sullivan admits that venue of this action is proper in this judicial district, and that the Court has jurisdiction of the parties and claims identified in the Third Party Complaint.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

12.      Sullivan admits that the Court has jurisdiction of the parties and claims identified in the Third Party Complaint.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

1    13. Sullivan admits that the Court has jurisdiction of the parties and claims

2 identified in the Third Party Complaint.  Except as expressly admitted, Sullivan is

3 without sufficient knowledge or information to form a belief as to the truth of the

4 allegations in paragraph 13 of the Third Party Complaint, and on that basis denies

5 the allegations in that paragraph.

6    14. Sullivan admits that the Court has jurisdiction of the parties and claims

7 identified in the Third Party Complaint.  Except as expressly admitted, Sullivan is

8 without sufficient knowledge or information to form a belief as to the truth of the

9 allegations in paragraph 14 of the Third Party Complaint, and on that basis denies

10 the allegations in that paragraph.

11    15. Sullivan admits the allegations in paragraph 15 of the Third Party

12 Complaint.

13        **<u>NATURE OF THE LITIGATION</u>**

14    16. Sullivan admits that Sunwest is a recycling company based in Orange

15 County, California.

16     a. Sullivan admits that this case arises out of, in part, the brokering

17 by Dean Dunlap, Thomas Dunlap and Dunlap Insurance (collectively hereinafter

18 "Dunlaps") through Sullivan of insurance policies issued by Star to Sunwest.

19 Except as expressly admitted, Sullivan is without sufficient knowledge or

20 information to form a belief as to the truth of the allegations in paragraph 16(a) of

21 the Third Party Complaint, and on that basis denies the allegations in that paragraph.

22     b. Sullivan is without sufficient knowledge or information to form a

23 belief as to the truth of the allegations in paragraph 16(b) of the Third Party

24 Complaint, and on that basis denies the allegations in that paragraph.

25     c. Sullivan admits that this case arises out of, in part, a fire loss at

26 Sunwest's business premises on or about April 21, 2013, and Sunwest's claim for

27 policy benefits concerning that loss under insurance policies issued by Star which

28 were brokered by Dunlaps and procured through Sullivan.  Except as expressly

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3           4

1  admitted, Sullivan is without sufficient knowledge or information to form a belief as

2  to the truth of the allegations in paragraph 16(c) of the Third Party Complaint, and

3  on that basis denies the allegations in that paragraph.

4        d.       Sullivan admits that this case arises out of, in part, Star's claim

5  for rescission of insurance policies that it issued to Sunwest.  Except as expressly

6  admitted, Sullivan is without sufficient knowledge or information to form a belief as

7  to the truth of the allegations in paragraph 16(d) of the Third Party Complaint, and

8  on that basis denies the allegations in that paragraph.

9              **SUNWEST METAL'S RELATIONSHIP WITH DUNLAPS**

10       17.      Sullivan is without sufficient knowledge or information to form a belief

11  as to the truth of the allegations in paragraph 17 of the Third Party Complaint, and

12  on that basis denies the allegations in that paragraph.

13       18.      Sullivan is without sufficient knowledge or information to form a belief

14  as to the truth of the allegations in paragraph 18 of the Third Party Complaint, and

15  on that basis denies the allegations in that paragraph.

16       19.      Sullivan is without sufficient knowledge or information to form a belief

17  as to the truth of the allegations in paragraph 19 of the Third Party Complaint, and

18  on that basis denies the allegations in that paragraph.

19       20.      Sullivan is without sufficient knowledge or information to form a belief

20  as to the truth of the allegations in paragraph 20 of the Third Party Complaint, and

21  on that basis denies the allegations in that paragraph.

22       21.      Sullivan is without sufficient knowledge or information to form a belief

23  as to the truth of the allegations in paragraph 21 of the Third Party Complaint, and

24  on that basis denies the allegations in that paragraph.

25        **SULLIVAN INSURANCE'S RELATIONSHIP WITH DUNLAP AND**

26                      **SUNWEST METALS**

27       22.      Sullivan admits that Dunlaps has requested that Sullivan assist Dunlaps

28  in obtaining quotes for insurance policies for Dunlaps' clients, like Sunwest.  Except

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1    as expressly admitted, Sullivan is without sufficient knowledge or information to

2    form a belief as to the truth of the allegations in paragraph 22 of the Third Party

3    Complaint, and on that basis denies the allegations in that paragraph.

4    **FORMATION OF STAR INSURANCE'S 2011-2012 INSURANCE POLICIES**

5         23.    Sullivan is without sufficient knowledge or information to form a belief

6    as to the truth of the allegations in paragraph 23 of the Third Party Complaint, and

7    on that basis denies the allegations in that paragraph.

8         24.    Sullivan is without sufficient knowledge or information to form a belief

9    as to the truth of the allegations in paragraph 24 of the Third Party Complaint, and

10   on that basis denies the allegations in that paragraph.

11        25.    Sullivan admits that on or about May 16, 2011, Dunlaps on behalf of

12   Sunwest submitted unsigned Acord insurance applications dated May 3, 2011, loss

13   runs, motor vehicle reports, a completed but unsigned scrap recycling supplemental

14   questionnaire and a narrative of the proposed account to Sullivan, as Star's agent.

15   Except as expressly admitted, Sullivan is without sufficient knowledge or

16   information to form a belief as to the truth of the allegations in paragraph 25 of the

17   Third Party Complaint, and on that basis denies the allegations in that paragraph.

18        26.    Sullivan admits that on or about June 29, 2011, it sent a referral to

19   Star's underwriting agent Meadowbrook including portions of the insurance

20   application that Dunlaps had submitted to Sullivan on behalf of Sunwest, the

21   unsigned scrap recycling supplemental questionnaire, loss runs and motor vehicle

22   reports.  Except as expressly admitted, Sullivan is without sufficient knowledge or

23   information to form a belief as to the truth of the allegations in paragraph 26 of the

24   Third Party Complaint, and on that basis denies the allegations in that paragraph.

25        27.    Sullivan admits that on or about June 30, 2011, Michelle LeMoine of

26   Meadowbrook sent an email to Sullivan, which correspondence speaks for itself.

27   Sullivan denies that Meadowbrook conditioned Sullivan's authority to bind

28   coverage for Sunwest upon Sullivan first commissioning or conducting a physical

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1 | inspection of Sunwest's place of business.  Except as expressly admitted, Sullivan is
2 | without sufficient knowledge or information to form a belief as to the truth of the
3 | allegations in paragraph 27 of the Third Party Complaint, and on that basis denies
4 | the allegations in that paragraph.

5 | 28.    Sullivan is without sufficient knowledge or information to form a belief
6 | as to the truth of the allegations in paragraph 28 of the Third Party Complaint, and
7 | on that basis denies the allegations in that paragraph.

8 | 29.    Sullivan admits that on or about July 7, 2011, Sullivan requested that
9 | Dunlaps provide, on behalf of Sunwest, additional information called for in the
10 | scrap recycling supplemental questionnaire, and Sullivan admits that on the same
11 | date, July 7, 2011, Dunlaps provided additional information.  Except as expressly
12 | admitted, Sullivan is without sufficient knowledge or information to form a belief as
13 | to the truth of the allegations in paragraph 29 of the Third Party Complaint, and on
14 | that basis denies the allegations in that paragraph.

15 | 30.    Sullivan is without sufficient knowledge or information to form a belief
16 | as to the truth of the allegations in paragraph 30 of the Third Party Complaint, and
17 | on that basis denies the allegations in that paragraph.

18 | 31.    Sullivan is without sufficient knowledge or information to form a belief
19 | as to the truth of the allegations in paragraph 31 of the Third Party Complaint, and
20 | on that basis denies the allegations in that paragraph.

21 | 32.    Sullivan admits that on or about August 12, 2011, it retained Pacific
22 | Inspections, Inc. to conduct a physical inspection of Sunwest's business premises.
23 | Except as expressly admitted, Sullivan denies the allegations in paragraph 32 of the
24 | Third Party Complaint.

25 | 33.    Sullivan denies the allegations in paragraph 33 of the Third Party
26 | Complaint.

27 | 34.    Sullivan is without sufficient knowledge or information to form a belief
28 | as to the truth of the allegations in paragraph 34 of the Third Party Complaint, and

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3

7

1    on that basis denies the allegations in that paragraph.

2        35.    Sullivan is without sufficient knowledge or information to form a belief

3    as to the truth of the allegations in paragraph 35 of the Third Party Complaint, and

4    on that basis denies the allegations in that paragraph.

5        36.    Sullivan is without sufficient knowledge or information to form a belief

6    as to the truth of the allegations in paragraph 36 of the Third Party Complaint, and

7    on that basis denies the allegations in that paragraph.

8        37.    Sullivan admits that on or about August 12, 2011, it retained Pacific

9    Inspections, Inc. to conduct a physical inspection of Sunwest's business premises,

10   which Pacific Inspections conducted on or about September 1, 2011, and which may

11   or may not have included communications with Sunwest personnel.  Sullivan further

12   admits that its personnel did not communicate directly with Hanan Stanley or

13   another management representative of Sunwest during the Summer of 2011.  Except

14   as expressly admitted, Sullivan is without sufficient knowledge or information to

15   form a belief as to the truth of the allegations in paragraph 37 of the Third Party

16   Complaint, and on that basis denies the allegations in that paragraph.

17       38.    Sullivan admits that on or about June 29, 2011, it sent a referral to

18   Star's underwriting agent Meadowbrook including portions of the insurance

19   application that Dunlaps had submitted to Sullivan on behalf of Sunwest, the

20   unsigned scrap recycling supplemental questionnaire, loss runs and motor vehicle

21   reports.  Sullivan further admits that on or about June 30, 2011, Meadowbrook sent

22   an email to Sullivan requesting additional information, which email speaks for itself.

23   Sullivan further admits that on or about July 7, 2011, it sent an email to Dunlaps,

24   which speaks for itself.  Except as expressly admitted, Sullivan denies the

25   allegations in paragraph 38 of the Third Party Complaint.

26       39.    Sullivan is without sufficient knowledge or information to form a belief

27   as to the truth of the allegations in paragraph 39 of the Third Party Complaint,

28   including footnote 1, and on that basis denies the allegations in that paragraph and

1   footnote.

2        40.    Sullivan denies the allegations in paragraph 40 of the Third Party
3   Complaint.

4        41.    Sullivan admits that the 2011 Supplemental Questionnaire states that
5   Sunwest owned or operated a bailing press.  Except as expressly admitted, Sullivan
6   denies the allegations in paragraph 41 of the Third Party Complaint.

7        42.    Sullivan is without sufficient knowledge or information to form a belief
8   as to the truth of the allegations in paragraph 42 of the Third Party Complaint, and
9   on that basis denies the allegations in that paragraph.

10        43.    Sullivan admits that on or about July 7, 2011, Dunlaps sent an email to
11   Sullivan, which speaks for itself.  Sullivan further admits that on or about July 8,
12   2011, Meadowbrook sent an email to Sullivan, which speaks for itself.  Except as
13   expressly admitted, Sullivan is without sufficient knowledge or information to form
14   a belief as to the truth of the allegations in paragraph 43 of the Third Party
15   Complaint, and on that basis denies the allegations in that paragraph.

16        44.    Sullivan admits that Star, through its underwriting agent
17   Meadowbrook, agreed to insure Sunwest.  Except as expressly admitted, Sullivan is
18   without sufficient knowledge or information to form a belief as to the truth of the
19   allegations in paragraph 44 of the Third Party Complaint, and on that basis denies
20   the allegations in that paragraph.

21        45.    Sullivan admits that the 2011 Supplemental Questionnaire states that
22   Sunwest owned or operated a bailing press.  Except as expressly admitted, Sullivan
23   denies the allegations in paragraph 45 of the Third Party Complaint.

24        46.    Sullivan admits that Meadowbrook requested that a physical inspection
25   be conducted of Sunwest's business premises, but Sullivan denies that
26   Meadowbrook conditioned Sullivan's authority to bind coverage for Sunwest upon
27   Sullivan first commissioning that inspection.  Except as expressly admitted or
28   denied, Sullivan denies the allegations in paragraph 46 of the Third Party

1  Complaint.

2       47.    Sullivan admits that on or about August 12, 2011, it retained Pacific

3  Inspections, Inc. to conduct a physical inspection of Sunwest's business premises,

4  which Pacific Inspections conducted on or about September 1, 2011.  Sullivan

5  denies that Meadowbrook conditioned Sullivan's authority to bind coverage for

6  Sunwest upon Sullivan first commissioning that inspection.  Sullivan admits that it,

7  acting on behalf of Star and with the prior approval of Meadowbrook as Star's

8  underwriting agent, accepted Sunwest's property insurance as a risk underwritten by

9  Meadowbrook on behalf of Star, and accepted Sunwest's premiums.  Except as

10  expressly admitted or denied, Sullivan denies the allegations in paragraph 47 of the

11  Third Party Complaint.

12       48.    Sullivan admits that on or about August 12, 2011, it retained Pacific

13  Inspections, Inc. to conduct a physical inspection of Sunwest's business premises,

14  which Pacific Inspections conducted on or about September 1, 2011.  Except as

15  expressly admitted, Sullivan denies the allegations in paragraph 48 of the Third

16  Party Complaint.

17       49.    Sullivan is without sufficient knowledge or information to form a belief

18  as to the truth of the allegations in paragraph 49 of the Third Party Complaint, and

19  on that basis denies the allegations in that paragraph.

20       50.    Sullivan admits that on or about October 5, 2011, it received a written

21  loss control report prepared by Pacific Inspections, Inc., concerning Pacific

22  Inspections' September 1, 2011 physical inspection of Sunwest's business premises,

23  which report speaks for itself.  Except as expressly admitted, Sullivan denies the

24  allegations in paragraph 50 of the Third Party Complaint.

25       51.    Sullivan admits that on or about October 5, 2011, it forwarded a copy

26  of Pacific Inspections, Inc.'s loss control report to Meadowbrook.  Except as

27  expressly admitted, Sullivan denies the allegations in paragraph 51 of the Third

28  Party Complaint.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3

52.     Sullivan denies the allegations in paragraph 52 of the Third Party Complaint.

**FORMATION OF STAR INSURANCE'S 2012-2013 INSURANCE POLICIES**

53.     Sullivan denies that it received from Dunlaps in July 2012 an unsigned insurance application dated July 14, 2012.  Instead, Dunlaps submitted a signed application to Sullivan on September 24, 2012.  The Acord Form No. 126 was dated June 14, 2012, and the other forms were undated.  Except as expressly admitted or denied, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

54.     Sullivan admits that on or about July 3, 2012, it provided a quote to Dunlaps concerning the renewal of the 2011 Star insurance policies issued to Sunwest.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

55.     Sullivan admits that on or about September 24, 2012, Dunlaps on behalf of Sunwest submitted to Sullivan a new scrap recycling supplemental questionnaire, in connection with Dunlaps' request for renewal of the 2011 Star insurance policies issued to Sunwest.  Sullivan further admits that the new supplemental questionnaire was dated July 28, 2012, and that it purports to be signed by Mr. Hanan Stanley of Sunwest.  Sullivan further admits that it forwarded to Meadowbrook, as Star's underwriting agent, the referenced scrap recycling supplemental questionnaire that Dunlaps had provided to Sullivan.  Sullivan denies that it created the referenced supplemental questionnaire.  Except as expressly admitted or denied, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

1    56.    Sullivan is without sufficient knowledge or information to form a belief
2  as to the truth of the allegations in paragraph 56 of the Third Party Complaint, and
3  on that basis denies the allegations in that paragraph.

4    57.    Sullivan denies that it created or executed the 2012 Supplemental
5  Questionnaire.  Except as expressly denied, Sullivan is without sufficient knowledge
6  or information to form a belief as to the truth of the allegations in paragraph 57 of
7  the Third Party Complaint, and on that basis denies the allegations in that paragraph.

8    58.    Sullivan admits that the 2012 Supplemental Questionnaire states that
9  Sunwest owned or operated a bailing press.  Except as expressly admitted, Sullivan
10 is without sufficient knowledge or information to form a belief as to the truth of the
11 allegations in paragraph 58 of the Third Party Complaint, and on that basis denies
12 the allegations in that paragraph.

13   59.    Sullivan admits that on or about August 12, 2011, as Star's agent, it
14 commissioned Pacific Inspections, Inc. to conduct a physical inspection of
15 Sunwest's business premises.  Except as expressly admitted, Sullivan is without
16 sufficient knowledge or information to form a belief as to the truth of the allegations
17 in paragraph 59 of the Third Party Complaint, and on that basis denies the
18 allegations in that paragraph.

19   60.    Sullivan denies the allegations in paragraph 60 of the Third Party
20 Complaint.

21   61.    Sullivan admits that on or about October 5, 2011, it received a written
22 loss control report prepared by Pacific Inspections, Inc., concerning Pacific
23 Inspections' September 1, 2011 physical inspection of Sunwest's business premises,
24 which report speaks for itself.  Except as expressly admitted, Sullivan denies the
25 allegations in paragraph 61 of the Third Party Complaint.

26   62.    Sullivan is without sufficient knowledge or information to form a belief
27 as to the truth of the allegations in paragraph 62 of the Third Party Complaint, and
28 on that basis denies the allegations in that paragraph.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3                                                12

1  for such policy was $38,769.00.  Except as expressly admitted, Sullivan is without

2  sufficient knowledge or information to form a belief as to the truth of the allegations

3  in paragraph 68 of the Third Party Complaint, and on that basis denies the

4  allegations in that paragraph.

5  **THE POLICIES' IMPLIED COVENANT OF GOOD FAITH AND FAIR**

6  **DEALING**

7  69.    Sullivan is without sufficient knowledge or information to form a belief

8  as to the truth of the allegations in paragraph 69 of the Third Party Complaint, and

9  on that basis denies the allegations in that paragraph.

10  **THE APRIL 21, 2013 FIRE LOSS**

11  70.    Sullivan admits that Sunwest has advised that on April 21, 2013, it

12  suffered a fire loss on its business premises, and that Sunwest contends that it has

13  suffered in excess of $1 million in resulting loss.  Except as expressly admitted,

14  Sullivan is without sufficient knowledge or information to form a belief as to the

15  truth of the allegations in paragraph 70 of the Third Party Complaint, and on that

16  basis denies the allegations in that paragraph.

17  **SUNWEST METALS REPORTS THE APRIL 21, 2013 FIRE LOSS TO STAR**

18  **INSURANCE**

19  71.    Sullivan admits that on or about April 22, 2013, Sunwest notified

20  Sullivan of the April 21, 2013 fire on Sunwest's business premises.  Except as

21  expressly admitted, Sullivan is without sufficient knowledge or information to form

22  a belief as to the truth of the allegations in paragraph 71 of the Third Party

23  Complaint, and on that basis denies the allegations in that paragraph.

24  **STAR INSURANCE'S DENIAL OF SUNWEST METALS' REQUEST FOR**

25  **BENEFITS UNDER THE POLICIES**

26  72.    Sullivan is without sufficient knowledge or information to form a belief

27  as to the truth of the allegations in paragraph 72 of the Third Party Complaint, and

28  on that basis denies the allegations in that paragraph.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3

73.     Sullivan admits that Meadowbrook was assigned to assist Star's investigation of Sunwest's claim for policy benefits, relative to the April 21, 2013 fire loss.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

74.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

75.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

76.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

77.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

78.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

79.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

80.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

81.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 of the Third Party Complaint, and

1   on that basis denies the allegations in that paragraph.

2       82.    Sullivan is without sufficient knowledge or information to form a belief
3   as to the truth of the allegations in paragraph 82 of the Third Party Complaint, and
4   on that basis denies the allegations in that paragraph.

5           a.    Sullivan is without sufficient knowledge or information to form a
6   belief as to the truth of the allegations in paragraph 82(a) of the Third Party
7   Complaint, and on that basis denies the allegations in that paragraph.

8           b.    Sullivan is without sufficient knowledge or information to form a
9   belief as to the truth of the allegations in paragraph 82(b) of the Third Party
10  Complaint, and on that basis denies the allegations in that paragraph.

11          c.    Sullivan is without sufficient knowledge or information to form a
12  belief as to the truth of the allegations in paragraph 82(c) of the Third Party
13  Complaint, and on that basis denies the allegations in that paragraph.

14      83.    Sullivan is without sufficient knowledge or information to form a belief
15  as to the truth of the allegations in paragraph 83 of the Third Party Complaint, and
16  on that basis denies the allegations in that paragraph.

17          a.    Sullivan is without sufficient knowledge or information to form a
18  belief as to the truth of the allegations in paragraph 83(a) of the Third Party
19  Complaint, and on that basis denies the allegations in that paragraph.

20          b.    Sullivan is without sufficient knowledge or information to form a
21  belief as to the truth of the allegations in paragraph 83(b) of the Third Party
22  Complaint, and on that basis denies the allegations in that paragraph.

23      84.    Sullivan is without sufficient knowledge or information to form a belief
24  as to the truth of the allegations in paragraph 84 of the Third Party Complaint, and
25  on that basis denies the allegations in that paragraph.

26      85.    Sullivan is without sufficient knowledge or information to form a belief
27  as to the truth of the allegations in paragraph 85 of the Third Party Complaint, and
28  on that basis denies the allegations in that paragraph.

1    86.    Sullivan is without sufficient knowledge or information to form a belief
2 as to the truth of the allegations in paragraph 86 of the Third Party Complaint, and
3 on that basis denies the allegations in that paragraph.

4           a.    Sullivan is without sufficient knowledge or information to form a
5 belief as to the truth of the allegations in paragraph 86(a) of the Third Party
6 Complaint, and on that basis denies the allegations in that paragraph.

7           b.    Sullivan is without sufficient knowledge or information to form a
8 belief as to the truth of the allegations in paragraph 86(b) of the Third Party
9 Complaint, and on that basis denies the allegations in that paragraph.

10          c.    Sullivan is without sufficient knowledge or information to form a
11 belief as to the truth of the allegations in paragraph 86(c) of the Third Party
12 Complaint, and on that basis denies the allegations in that paragraph.

13   87.    Sullivan is without sufficient knowledge or information to form a belief
14 as to the truth of the allegations in paragraph 87 of the Third Party Complaint, and
15 on that basis denies the allegations in that paragraph.

16          a.    Sullivan is without sufficient knowledge or information to form a
17 belief as to the truth of the allegations in paragraph 87(a) of the Third Party
18 Complaint, and on that basis denies the allegations in that paragraph.

19          b.    Sullivan is without sufficient knowledge or information to form a
20 belief as to the truth of the allegations in paragraph 87(b) of the Third Party
21 Complaint, and on that basis denies the allegations in that paragraph.

22   88.    Sullivan is without sufficient knowledge or information to form a belief
23 as to the truth of the allegations in paragraph 88 of the Third Party Complaint, and
24 on that basis denies the allegations in that paragraph.

25          a.    Sullivan is without sufficient knowledge or information to form a
26 belief as to the truth of the allegations in paragraph 88(a) of the Third Party
27 Complaint, and on that basis denies the allegations in that paragraph.

28

1      b.      Sullivan is without sufficient knowledge or information to form a
2  belief as to the truth of the allegations in paragraph 88(b) of the Third Party
3  Complaint, and on that basis denies the allegations in that paragraph.

4      c.      Sullivan is without sufficient knowledge or information to form a
5  belief as to the truth of the allegations in paragraph 88(c) of the Third Party
6  Complaint, and on that basis denies the allegations in that paragraph.

7      89.     Sullivan is without sufficient knowledge or information to form a belief
8  as to the truth of the allegations in paragraph 89 of the Third Party Complaint, and
9  on that basis denies the allegations in that paragraph.

10     90.     Sullivan is without sufficient knowledge or information to form a belief
11 as to the truth of the allegations in paragraph 90 of the Third Party Complaint, and
12 on that basis denies the allegations in that paragraph.

13     91.     Sullivan is without sufficient knowledge or information to form a belief
14 as to the truth of the allegations in paragraph 91 of the Third Party Complaint, and
15 on that basis denies the allegations in that paragraph.

16     92.     Sullivan is without sufficient knowledge or information to form a belief
17 as to the truth of the allegations in paragraph 92 of the Third Party Complaint, and
18 on that basis denies the allegations in that paragraph.

19     93.     Sullivan is without sufficient knowledge or information to form a belief
20 as to the truth of the allegations in paragraph 93 of the Third Party Complaint, and
21 on that basis denies the allegations in that paragraph.

22     94.     Sullivan is without sufficient knowledge or information to form a belief
23 as to the truth of the allegations in paragraph 94 of the Third Party Complaint, and
24 on that basis denies the allegations in that paragraph.

25     95.     Sullivan is without sufficient knowledge or information to form a belief
26 as to the truth of the allegations in paragraph 95 of the Third Party Complaint, and
27 on that basis denies the allegations in that paragraph.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

96.     Sullivan admits that on or about December 12, 2013, Star initiated this litigation against Sunwest.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

97.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

98.     Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

## FIRST CLAIM FOR RELIEF

### (For Breach of Contract of Insurance Against Star Insurance)

99.     Sullivan incorporates herein its responses to paragraphs 1 through 98 of the Third Party Complaint, as though they were fully set forth herein.

100.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 100 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

101.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

102.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

103.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 103 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

## SECOND CLAIM FOR RELIEF

### (For Breach of the Covenant of Good Faith and Fair Dealing

### Against Star Insurance)

104.    Sullivan incorporates herein its responses to paragraphs 1 through 103 of the Third Party Complaint, as though they were fully set forth herein.

105.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 105 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

106.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 106 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

107.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 107 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

108.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 108 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

109.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

## THIRD CLAIM FOR RELIEF

### (For Negligence Against Dunlaps, Sullivan Insurance

### and Does 6 Through 10, inclusive)

110.    Sullivan incorporates herein its responses to paragraphs 1 through 109 of the Third Party Complaint, as though they were fully set forth herein.

111.    Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 111 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

112.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

113.   Sullivan denies the allegations against it in paragraph 113 of the Third Party Complaint.  Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations against any other party in paragraph 113 of the Third Party Complaint, and on that basis denies such allegations.

114.   Sullivan admits that Star has initiated this litigation against Sunwest, seeking rescission of policies that Star issued to Sunwest.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

115.   Sullivan denies the allegations against it in paragraph 115 of the Third Party Complaint.  Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations against any other party in paragraph 115 of the Third Party Complaint, and on that basis denies such allegations.

116.   Sullivan denies the allegations against it in paragraph 116 of the Third Party Complaint.  Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations against any other party in paragraph 116 of the Third Party Complaint, and on that basis denies such allegations.

## FOURTH CLAIM FOR RELIEF

### (For Breach of Fiduciary Duty Against Dunlaps and Does 6 through 10, Inclusive)

117.   Sullivan incorporates herein its responses to paragraphs 1 through 116 of the Third Party Complaint, as though they were fully set forth herein.

118.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 118 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

119.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 119 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

120.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

## FIFTH CLAIM FOR RELIEF

### (For Breach of Contract Against Dunlaps)

121.   Sullivan incorporates herein its responses to paragraphs 1 through 120 of the Third Party Complaint, as though they were fully set forth herein.

122.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

123.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 123 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

124.   Sullivan admits that Dunlaps received a commission from the placement of the Star insurance policies that are at issue in the Third Party Complaint.  Except as expressly admitted, Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 124 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

125.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 125 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

126.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

## SIXTH CLAIM FOR RELIEF

### (For Equitable Indemnity Against Dunlaps, Sullivan Insurance, and Does 6 through 10, Inclusive)

127.   Sullivan incorporates herein its responses to paragraphs 1 through 126 of the Third Party Complaint, as though they were fully set forth herein.

128.   Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128 of the Third Party Complaint, and on that basis denies the allegations in that paragraph.

129.   Sullivan denies the allegations against it in paragraph 129 of the Third Party Complaint.  Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations against any other party in paragraph 129 of the Third Party Complaint, and on that basis denies such allegations.

130.   Sullivan denies the allegations against it in paragraph 130 of the Third Party Complaint.  Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations against any other party in paragraph 130 of the Third Party Complaint, and on that basis denies such allegations.

131.   Sullivan denies the allegations against it in paragraph 131 of the Third Party Complaint.  Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations against any other party in paragraph 131 of the Third Party Complaint, and on that basis denies such allegations.

132.   Sullivan denies the allegations against it in paragraph 132 of the Third Party Complaint.  Sullivan is without sufficient knowledge or information to form a belief as to the truth of the allegations against any other party in paragraph 132 of the Third Party Complaint, and on that basis denies such allegations.

## SEVENTH CLAIM FOR RELIEF

### (For Declaratory Relief Against Star Insurance, Dunlaps, Sullivan Insurance, and Does 1 through 5, inclusive)

133.   Sullivan incorporates herein its responses to paragraphs 1 through 132

1   of the Third Party Complaint, as though they were fully set forth herein.

2       134.   Sullivan is without sufficient knowledge or information to form a belief
3   as to the truth of the allegations in paragraph 134 of the Third Party Complaint, and
4   on that basis denies the allegations in that paragraph.

5       135.   Sullivan admits that it denies any liability to Sunwest or Star.  Except
6   as expressly admitted, Sullivan denies the allegations against it in paragraph 135 of
7   the Third Party Complaint.  Sullivan is without sufficient knowledge or information
8   to form a belief as to the truth of the allegations against any other party in paragraph
9   135 of the Third Party Complaint, and on that basis denies such allegations.

10      136.   Sullivan is without sufficient knowledge or information to form a belief
11  as to the truth of the allegations in paragraph 136 of the Third Party Complaint, and
12  on that basis denies the allegations in that paragraph.

13                                **PRAYER**

14      1.     Sullivan denies that Sunwest is entitled to judgment or any relief with
15  respect to the allegations, claims and causes of action set forth against Sullivan in
16  the Third Party Complaint, as requested in paragraph 1 of the Third Party
17  Complaint's Prayer.  Except as expressly denied, Sullivan is without sufficient
18  knowledge or information to form a belief as to the truth of the allegations in
19  paragraph 1 of the Third Party Complaint's Prayer, and on that basis denies the
20  allegations in that paragraph.

21      2.     Sullivan denies that Sunwest is entitled to judgment or any relief with
22  respect to the allegations, claims and causes of action set forth against Sullivan in
23  the Third Party Complaint, as requested in paragraph 2 of the Third Party
24  Complaint's Prayer.  Except as expressly denied, Sullivan is without sufficient
25  knowledge or information to form a belief as to the truth of the allegations in
26  paragraph 2 of the Third Party Complaint's Prayer, and on that basis denies the
27  allegations in that paragraph.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1    3.    Sullivan denies that Sunwest is entitled to judgment or any relief with

2    respect to the allegations, claims and causes of action set forth against Sullivan in

3    the Third Party Complaint, as requested in paragraph 3 of the Third Party

4    Complaint's Prayer.  Except as expressly denied, Sullivan is without sufficient

5    knowledge or information to form a belief as to the truth of the allegations in

6    paragraph 3 of the Third Party Complaint's Prayer, and on that basis denies the

7    allegations in that paragraph.

8    4.    Sullivan denies that Sunwest is entitled to judgment or any relief with

9    respect to the allegations, claims and causes of action set forth against Sullivan in

10   the Third Party Complaint, as requested in paragraph 4 of the Third Party

11   Complaint's Prayer.  Except as expressly denied, Sullivan is without sufficient

12   knowledge or information to form a belief as to the truth of the allegations in

13   paragraph 4 of the Third Party Complaint's Prayer, and on that basis denies the

14   allegations in that paragraph.

15   5.    Sullivan denies that Sunwest is entitled to judgment or any relief with

16   respect to the allegations, claims and causes of action set forth against Sullivan in

17   the Third Party Complaint, as requested in paragraph 5 of the Third Party

18   Complaint's Prayer.  Except as expressly denied, Sullivan is without sufficient

19   knowledge or information to form a belief as to the truth of the allegations in

20   paragraph 5 of the Third Party Complaint's Prayer, and on that basis denies the

21   allegations in that paragraph.

22                    **SEPARATE AND ADDITIONAL DEFENSES**

23   Sullivan asserts the following separate and additional affirmative defenses as

24   against the allegations in the Third Party Complaint.  By alleging the following

25   defenses, Sullivan is not conceding that it has any burden of proof or persuasion in

26   connection with such defenses.

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Third Party Complaint, and each purported cause of action contained therein, fails to state a cause of action upon which relief may be granted against Sullivan.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Sunwest's claims are barred by the applicable statutes of limitations, including but not limited to Sections 337, 338, 339, 340 and 343 of the California Code of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

3. Sunwest's claims are barred, in whole or in part, by Sunwest's failure to exercise ordinary care, caution or prudence, and the claimed damages were proximately caused and contributed to by Sunwest's negligence and are barred and/or must be reduced in proportion to such negligence.

## FOURTH AFFIRMATIVE DEFENSE

### (Third Party Responsibility)

4. Other persons or entities were careless, negligent, at fault or strictly liable regarding the matters alleged in the Third Party Complaint and this carelessness, negligence, fault and/or strict liability proximately caused or contributed to the happening of the loss and/or damage complained of and, therefore, should any damages be awarded, they must be apportioned among all negligent, at fault and/or strictly liable persons.

## FIFTH AFFIRMATIVE DEFENSE

### (Superseding/Intervening Cause)

5. The damages and/or losses alleged by Sunwest were proximately caused or contributed to by an intervening and superseding cause.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.    Sunwest's claims may be barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.    Sunwest's claims may be barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.    Sunwest's claims may be barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.    Sunwest's claims may be barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (In Pari Dilecto)

10.    The Third Party Complaint is barred because Sunwest acted *in pari dilecto* in bringing about the damages and/or losses claimed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non-Economic Damages)

11.    Sullivan's liability, if any, for non-economic damages shall be several pursuant to the Fair Responsibility Act of 1986, including but not limited to Sections 1431.2, 1431.3, 1431.5 and 1432 of the California Civil Code, so that Sullivan shall be liable only for the amount of non-economic damages allocated to Sullivan in direct proportion to its percentage of fault, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.    If any damage and/or loss have occurred as alleged in the Third Party Complaint, such damages and/or losses should be reduced, in whole or in part,

1  as a result of Sunwest's failure to mitigate its damages and/or losses.

2  ### THIRTEENTH AFFIRMATIVE DEFENSE

3  ### (Assumption of the Risk)

4      13.    Any injuries, losses and/or damages suffered by Sunwest were

5  caused by risks which it was well aware of but voluntarily assumed.

6  ### FOURTEENTH AFFIRMATIVE DEFENSE

7  ### (Consent)

8      14.    Any injuries, losses or damages suffered by Sunwest was the

9  result of its own conduct and consent.

10  ### FIFTEENTH AFFIRMATIVE DEFENSE

11  ### (Reliance)

12      15.    Sullivan relied on facts and information provided to it by

13  Sunwest and others.

14  ### SIXTEENTH AFFIRMATIVE DEFENSE

15  ### (Misrepresentation)

16      16.    Any obligation or duty which Sunwest claims is owed to it by

17  Sullivan has been excused or extinguished based on misrepresentations by Sunwest.

18  ### SEVENTEENTH AFFIRMATIVE DEFENSE

19  ### (Offset)

20      17.    If Sunwest has received, or in the future may receive, proceeds

21  and/or funds as a consequence of the alleged damages and/or losses alleged in the

22  Third Party Complaint, then any award against Sullivan must be reduced in the

23  amount of all such proceeds and/or funds.

24      WHEREFORE, Sullivan prays for judgment as follows:

25      1.    That Sunwest take nothing by way of its Third Party Complaint;

26      2.    That the Third Party Complaint and each purported claim for relief

27  asserted therein be dismissed with prejudice;

28      3.    That Sullivan be awarded its costs incurred herein; and

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3

1    4.    For such other and further relief as the Court deems just and proper.

2

3    DATED: March 21, 2014                MUSICK, PEELER & GARRETT LLP

4

5

6                                          By:  /S/ Stephen M. Green

7                                               Stephen M. Green
                                                Attorneys for Third Party Defendant
8                                               G.J. SULLIVAN CO. EXCESS &
                                                SURPLUS LINES BROKERS
9                                               (erroneously sued as G.J. SULLIVAN
                                                INSURANCE CO.)
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3                                          29

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On March 21, 2014, I served true copies of the following document(s) described as ***ANSWER TO COUNTERCLAIM AND THIRD PARTY COMPLAINT OF SUNWEST METALS, INC.*** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒     **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 21, 2014, at Los Angeles, California.

Tamara A. Waters

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

888626.3