LAWRENCE BORYS (SBN 60625)
LBORYS@RMKB.COM
MICHAEL OHIRA (SBN126137)
MOHIRA@RMKB.COM
JAMIE M. KURTZ (SBN255271)
JKURTZ@RMKB.COM
ROPERS, MAJESKI, KOHN & BENTLEY
445 S. Figueroa Street, Suite 3000
Los Angeles, CA 90071-1619
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for Defendants and Third Party Defendants THOMAS DUNLAP INSURANCE AGENCY LLC; DEAN T. DUNLAP; THOMAS R. DUNLAP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUNWEST METALS, INC., a California corporation,<br><br>Defendant.<br><br>AND RELATED COUNTER-ACTIONS, AND THIRD-PARTY COMPLAINT. | CASE NO. SACV13-1930 DFM<br><br>DATE: March 16, 2015<br>TIME: 9:00 a.m.<br>CTRM: 6A<br><br>**OPPOSITION BY DEFENDANTS THOMAS DUNLAP INSURANCE AGENCY, LLC, THOMAS DUNLAP, AND DEAN DUNLAP TO MOTION IN LIMINE BY PLAINTIFF STAR INSURANCE COMPANY TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING MATTERS ADDRESSED IN PRIOR MOTIONS FOR SUMMARY JUDGMENT**<br><br>Trial: March 31, 2015<br>Pre-Trial Conf.: March 16, 2015<br>Complaint Filed: December 12, 2013<br>3rd Party Cmp. February 6, 2014 |

## I. ARGUMENT IN OPPOSITION

Defendants, the Thomas Dunlap Insurance Agency, LLC, Thomas Dunlap, and Dean Dunlap (collectively "Dunlap") oppose Plaintiff Star Insurance Company's (Star) motion to exclude evidence or argument regarding matters peripherally addressed in summary judgment motions filed by Star and by Defendant and Counter-Claimant, Sunwest Metals, Inc. (Sunwest).

Star's requests that the Court order "the exclusion of any evidence or argument attempting to re-litigate the matters already adjudicated in the Court's order ruling on the motions for summary judgment and/or partial summary judgment, entered on December 29, 2014."

The request is unduly prejudicial to Dunlap as the Dunlap defendants were not made a party to those motions for summary judgment and were prohibited from filing any opposition. Eckert v. City of Sacramento, 2009 U.S. Dist. LEXIS 95655 (E.D. Cal. Sept. 29, 2009).

Star represents in its Motion that it has already established all elements required for its claim of rescission and reimbursement (Dkt. 87, 2:14-15), and that "the only issue remaining for trial is whether Star's rescission of the Policies is defeated by Defendants Sunwest Metals' affirmative defense of Waiver/Laches." (Dkt. 87, 2:19-21). That is not true. Star's fourth claim against Dunlap for negligent misrepresentation, and the Dunlap's affirmative defenses remain for trial. Star must establish that Dunlap owed it a duty, breached that duty, and caused damage to Star.

To prevail, Star must prove, among other things **intent** by Dunlap and **reasonable reliance** by Star. (CACI 1903). Star maintains, however, that it is alleviated from having to prove intent, and represents in its motion that the Court held that "*rescission of an insurance policy is justified when material misrepresentations are made in the insurance application process, regardless of whether the misrepresentations were intentional or unintentional.*" (Dkt. 87 Page

ID #:4877, 2:10-13). Star's representation is a distortion of what is actually contained in the order. The order states that "unintentional misrepresentations during the insurance application process suffice to justify rescission" (Dkt 56, 28:2-4) and does **not** state in its "Disposition" that such finding is deemed established for purposes of trial. (Dkt. 56, Page ID #: 3822-3823).

The mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. Here, however, Star's motion was <u>not</u> brought against Dunlap. Dunlap was without standing to file an opposition, and Star is grossly overreaching in its request to prohibit Dunlap from presenting testimony and evidence at trial on the issue of intent and whether there was reasonable reliance by Star.

In <u>Eckert v. City of Sacramento</u>, 2009 U.S. Dist. LEXIS 95655 (E.D. Cal. Sept. 29, 2009) defendant Union Pacific sought summary judgment on Plaintiff's claims against Union Pacific, and plaintiff filed a notice of non-opposition The City of Sacramento, a co-defendant, sought to contest Union Pacific's motion regarding certain claims. Union Pacific asserted that the City did not have standing to oppose its summary judgment motion and raised the following procedural question: "[i]n the absence of cross-claims, may one codefendant be the sole… opposition to another co-defendant's motion for summary judgment?" <u>Blonder v. Casco Inn Residential Care, Inc.</u>, 2000 U.S. Dist. LEXIS 8054, 2000 WL 761895, at 1 (D. Me. May 4, 2000). The *Blonder* Court answered the question in the negative, concluding that <u>in the absence of a crossclaim, a co-defendant lacks standing to oppose his co-defendant's motion for summary judgment</u>. Id.

The *Blonder* court looked to the "principles underlying Rule 56," when concluding that the non-moving co-defendants lacked standing to oppose the motion. The court in *Eckert* concluded that "the rationale of *Blonder* is persuasive, and other courts have come to the same conclusion. <u>See Fraioli v. Lemcke</u>, 328 F. Supp. 2d 250, 263 n.4 (D.R.I. 2004) ("[S]ince none of the defendants in this case

1 have filed cross claims against each other, the defendants are not adverse parties
2 who are entitled to object to each others' motions for summary judgment."); <u>Dixon</u>
3 <u>v. County of Alameda</u>, 1997 U.S. Dist. LEXIS 5717, 1997 WL 220311, at 6 n.8
4 (N.D. Cal. Apr. 18, 1997) (noting that co-defendant did not have standing to oppose
5 co-defendant's motion for summary judgment); <u>C.F. Bean Corp. v. Clayton Indus.</u>
6 <u>Ltd.</u>, 1996 U.S. Dist. LEXIS 12182, 1996 WL 470644, at 1 (E.D. La. Aug. 19,
7 1996).

The same holds true in this instance. Star's motion for summary judgment was against one defendant (Sunwest) but not against another (Dunlap). Dunlap did not have a counter-claim against Star and, accordingly, had no standing to oppose Star's motion notwithstanding that Star's claims against Sunwest were based on the same core facts as Star's claims against Dunlap. Now, Star seeks to prohibit Dunlap from offering evidence and argument on the issues of Dunlap's intent; whether Star acted reasonably; and whether the harm Star claims was caused by Dunlap or Star. Again, these are elements of Star's cause of action for negligent misrepresentation (CACI 1903) and must be litigated at trial.

Star bitterly complains that it would be "harshly prejudiced" if the issue of the intent of the Dunlap defendants was litigated at trial, ignoring that the issue of intent is, and remains, an essential element of its fourth claim for negligent misrepresentation (a form of fraud and deceit) and ignores that Star did **not** move for summary judgment or summary adjudication against Dunlap and, concomitantly, did not and could not obtain judicial findings against Dunlap.

## II. <u>THE TRIAL JUDGE RETAINS INHERENT POWER TO MAKE DIFFERENT FINDINGS OR TO SUBMIT THE ISSUE TO THE JURY</u>

The trial judge retains inherent power to make different findings (or to submit the issue to the jury) than contained in the interlocutory order of summary judgment or summary adjudication, if the opposing party will not be substantially prejudiced. Star cannot maintain substantial prejudice, as the issues of intent and

1  causation are essential elements of Star's fourth claim for negligent
2  misrepresentation. Those issues are not newly-revived issues, but have been in the
3  case since May 12, 2014 when Star filed its First Amended Complaint (Dkt. 34).
4  <u>Latin American Music Co. Inc. v. Media Power Group, Inc.</u>, 705 F3d 34, 40–41
5  (1st Cir. 2013); <u>Harrell v. DCS Equipment Leasing Corp</u>., 951 F2d 1453, 1460, (5th
6  Cir. 1992) fn. 24—trial judge has same discretion as first judge to reconsider the
7  order).

### III. THE COURT'S DECEMBER 29, 2014 ORDER IS NOT A FINAL JUDGMENT

A "partial summary judgment" is not a final judgment and thus is not immediately appealable. The trial judge retains the power to change the matters adjudicated any time before entry of final judgment. <u>St. Paul Fire & Marine Ins. Co. v. F.H.</u>, 55 F3d 1420, 1425 (9th Cir. 1995) – if case settles, partial summary judgment does not collaterally estop relitigation of same issues in later lawsuit; <u>Streber v. Hunter</u>, 221 F3d 701, 737 (5th Cir. 2000); <u>Bonner v. Perry</u>, 564 F3d 424, 427 (6th Cir. 2009); <u>Latin American Music Co. Inc. v. Media Power Group, Inc</u>., <u>supra</u>, 705 F3d at 40–41.

### IV. CONCLUSION

Star's motion warns denial as it is overreaching and offends the due process protections afforded to the Dunlap defendants.

Respectfully submitted,

Dated: March 9, 2015         ROPERS, MAJESKI, KOHN & BENTLEY


By: */s/ Michael T. Ohira*
    LAWRENCE BORYS
    MICHAEL T. OHIRA
    Attorneys for Defendants and Third Party
    Defendants DUNLAP INSURANCE
    AGENCY LLC; DEAN T. DUNLAP;
    THOMAS R. DUNLAP

# DECLARATION OF MICHAEL T. OHIRA

I, Michael T. Ohira, declare as follows:

1. I am a member of the State Bar of California admitted to practice before the United States District Court for the Central District of California and am an attorney with Ropers Majeski Kohn and Bentley, counsel of record herein for Defendants the Thomas Dunlap Insurance Agency, LLC, Thomas Dunlap, and Dean Dunlap. I offer this declaration in opposition to the motion by plaintiff Star Insurance Company entitled "motion in limine to exclude any evidence or argument attempting to re-litigate the matters already adjudicated in the courts order ruling on the motion for summary judgment and or partial summary judgment." I have personal knowledge of the matter set forth herein and if called as a witness would testify as follows:

2. Plaintiff Star Insurance Company did not move for summary judgment or partial summary judgment against the Dunlap defendants. The Dunlap defendants were not parties to that motion.

3. The Dunlap defendants did not file a counter-claim against Star in this litigation.

4. Third-Party Plaintiff Sunwest Metals, Inc. did not move for summary judgment or partial summary judgment against the Dunlap defendants. The Dunlap defendants were not parties to that motion.

5. The Dunlap defendants did not file a counter-claim against Sunwest in this litigation.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed this 9th day of March, 2015 at Los Angeles, California.

*/s/ Michael T. Ohira*