LAWRENCE BORYS (SBN 60625)
LBORYS@RMKB.COM
MICHAEL OHIRA (SBN126137)
MOHIRA@RMKB.COM
JAMIE M. KURTZ (SBN255271)
JKURTZ@RMKB.COM
ROPERS, MAJESKI, KOHN & BENTLEY
445 S. Figueroa Street, Suite 3000
Los Angeles, CA 90071-1619
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for Defendants and Third Party Defendants THOMAS DUNLAP INSURANCE AGENCY LLC; DEAN T. DUNLAP; THOMAS R. DUNLAP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUNWEST METALS, INC., a California corporation,<br><br>Defendant.<br><br>AND RELATED COUNTER-ACTIONS, AND THIRD-PARTY COMPLAINT. | CASE NO. SACV13-1930 DFM<br><br>**DATE: March 16, 2015**<br>**TIME: 9:00 a.m.**<br>**CTRM: 6A**<br><br>**OPPOSITION BY DEFENDANTS THOMAS DUNLAP INSURANCE AGENCY, LLC, THOMAS DUNLAP, AND DEAN DUNLAP TO MOTION IN LIMINE BY PLAINTIFF STAR INSURANCE COMPANY TO BIFURCATE THE TRIAL [Dkt 82]**<br><br>Trial: March 31, 2015<br>Pre-Trial Conf.: March 16, 2015<br>Complaint Filed: December 12, 2013<br>3rd Party Cmp. February 6, 2014 |

## I. ARGUMENT IN OPPOSITION

Defendants, the Thomas Dunlap Insurance Agency, LLC, Thomas Dunlap, and Dean Dunlap (collectively "Dunlap") oppose Plaintiff Star Insurance

Company's (Star) motion to bifurcate the trial. The motion is not well-founded because Star's improperly seeks to deprive Dunlap of a jury trial, bifurcation will not promote judicial efficiency, and the equitable issue should be addressed last.

### A. Bifurcation Must Be Denied Because Dunlap Has Not Waived Its Right to a Jury and Issues of Fact Are Common to the Legal and Equitable Claims

Star asks the Court to first conduct a *bench* trial on Star's claims for rescission *and* its claim for negligent misrepresentation against Dunlap. [Dkt. 82, 3:17-23; Dkt. 82-2, 2:1-3]. Dunlap, however, made a timely demand for a jury trial on June 20, 2014 [Dkt 37] and has not waived that right. (Ohira declaration ¶ 2, 3). Moreover, bifurcation is impractical because, as Star concedes, "many of the same facts, documents, and witnesses will be at issue since both sets of claims of all the same transaction, misrepresentations, and time period" [Dkt 82, 4:2-4]. Star's claims against Dunlap must be tried before a jury.

In federal courts the right to a jury cannot be dispensed-with except by the consent of the parties entitled to it and if, as here, issues of fact are common to both legal and equitable claims and a jury has been demanded on the issues material to the legal claim, a jury must be permitted to determine these issues prior to decision of the equitable claim:

> In the Federal courts this [jury] right cannot be dispensed with, except by the assent of the parties entitled to it, nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action or during its pendency." This long-standing principle of equity dictates that only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal

issues be lost through prior determination of equitable claims. See <u>Leimer v. Woods</u>, 196 F.2d 828, 833-836.

(<u>Beacon Theatres v. Westover</u>, 359 U.S. 500, 510-511, 79 S. Ct. 948; 3 L. Ed. 2d 988 (U.S. 1959).

When legal and equitable claims are joined in the same action, the trial judge has only limited discretion in determining the sequence of trial and "that discretion . . . must, wherever possible, be exercised to preserve jury trial." *Beacon*, 359 U.S. 500, 510, 3 L. Ed. 2d 988, 79 S. Ct. 948 (1959). "Only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Id. at 510-11 (citation omitted). <u>Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.</u>, 890 F.2d 165, 170 (9th Cir. Cal. 1989).

### B.     Star's Equitable Claim Should Be Tried Last.

The Supreme Court has held that "where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims." <u>Ross v. Bernhard</u>, 396 U.S. 531, 537-38; 90 S. Ct. 733, 24 L. Ed. 2d 729 (1970).  Thus, where (as here) there are issues common to both the equitable and legal claims, "the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims." <u>Dairy Queen, Inc. v. Wood</u>, 369 U.S. 469, 479, 82 S. Ct. 894, 8 L. Ed. 2d 44 (footnote omitted). Otherwise, "prior non-jury trial of the equitable claims may infringe the right to jury trial on the legal claims because of the collateral estoppel or res judicata effect of a prior judicial determination of issues common to the two sets of claims." <u>Calnetics Corp. v. Volkswagen of America, Inc.</u>, 532 F.2d 674, 690 (9th Cir.), cert. denied, 429 U.S. 940, 50 L. Ed. 2d 309, 97 S. Ct. 355 (1976)(citation omitted).  <u>Dollar Systems, Inc.</u>

1  v. Avcar Leasing Systems, Inc., 890 F.2d 165, 170 (9th Cir. Cal. 1989).

2  **II.  CONCLUSION**

3  Star's motion must be denied because it improperly seeks to deprive Dunlap of a jury trial on legal issues and, as Star concedes, there are issues common to both the equitable and legal claims.

Respectfully submitted,

Dated: March 9, 2015       ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Michael T. Ohira*
LAWRENCE BORYS
MICHAEL T. OHIRA
Attorneys for Defendants and Third Party Defendants DUNLAP INSURANCE AGENCY LLC; DEAN T. DUNLAP; THOMAS R. DUNLAP

# DECLARATION OF MICHAEL T. OHIRA

I, Michael T. Ohira, declare as follows:

1. I am a member of the State Bar of California admitted to practice before the United States District Court for the Central District of California and am an attorney with Ropers Majeski Kohn and Bentley, counsel of record herein for Defendants the Thomas Dunlap Insurance Agency, LLC, Thomas Dunlap, and Dean Dunlap. I offer this declaration in opposition to the motion by plaintiff Star Insurance Company for bifurcation of issues at trial (Dkt 82). I have personal knowledge of the matter set forth herein and if called as a witness would testify as follows:

2. Defendants Thomas Dunlap Insurance Agency, LLC, Thomas Dunlap, and Dean Dunlap requested the right to a jury trial on June 20, 2014 (Dkt 37).

3. The Dunlap defendants have not waived their right to a jury trial.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed this 9th day of March, 2015 at Los Angeles, California.

*/s/ Michael T. Ohira*