**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STAR INSURANCE COMPANY,<br><br>　　Plaintiff-counter-<br>　　defendant-Appellant,<br><br>　v.<br><br>SUNWEST METALS, INC.,<br><br>　　Defendant-counter-claimant-<br>　　Appellee. | No.　15-56562<br><br>D.C. No. 8:13-cv-01930-DFM<br><br>MEMORANDUM* |
| STAR INSURANCE COMPANY,<br><br>　　Plaintiff-counter-<br>　　defendant-Appellee,<br><br>　v.<br><br>SUNWEST METALS, INC.,<br><br>　　Defendant-counter-claimant-<br>　　Appellant. | No.　15-56568<br><br>D.C. No. 8:13-cv-01930-DFM |

Appeal from the United States District Court
for the Central District of California

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Douglas F. McCormick, Magistrate Judge, Presiding

Argued and Submitted April 5, 2017
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and QUIST,[**] District Judge.

Star Insurance Company ("Star") appeals the district court's judgment in favor of Sunwest Metals, Inc. ("Sunwest") on Sunwest's breach of contract claim stemming from Star's rescission of Sunwest's fire insurance policy. Sunwest cross-appeals (i) the court's determination that Star was not required to prove *intentional* misrepresentation to give rise to a right to rescind, and (ii) the court's reduction of Sunwest's judgment award to prevent double recovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**A.**

Sunwest operated a recycling facility that processed various commodities including metals, plastics, paper, and glass. Beginning in August 2011, Sunwest had fire coverage under Star's Scrap Dealers Program ("the Program") pursuant to two consecutive year-long policies. To be eligible for the Program, no more than 15 percent of a prospective insured's revenue may come from paper and plastics

---

[**] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

processing. Through its broker, Thomas Dunlap Insurance Agency, LLC ("Dunlap"), Sunwest represented that nearly all of its revenue came from metals processing. That wasn't true; in reality, paper processing comprised the vast majority—nearly 66 percent—of Sunwest's revenue.[1]

In April 2013, Sunwest suffered a catastrophic fire. Sunwest filed a claim under its policy, but instead of honoring the policy, Star rescinded it based on Dunlap's misrepresentations. Sunwest sued Star for, *inter alia*, breach of contract, and, after a five-day bench trial, the district court granted judgment in favor of Sunwest, finding that it was owed nearly $978,000 under the policy. The court determined that Star had waived its right to rescind by failing to investigate evidence of misrepresentation.

**B.**

Star waived its right to rescind the policy if it ignored information that "distinctly implied" misrepresentation of true facts regarding Sunwest's operations. Cal. Ins. Code § 336. Whether Star had knowledge of misrepresentations is a question of fact that, after a bench trial, we review for clear error. *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1427 (9th Cir. 1996). Whether the right to

---

[1] Sunwest communicated with Star through Dunlap. Sunwest maintains, and Star does not dispute, that Sunwest had no knowledge of Dunlap's misrepresentations.

rescind requires a showing of intentional misrepresentation and whether the district court properly offset Sunwest's award are questions of law that we review de novo. *See id.*[2]

### 1.

As a general rule, an insurer may "rely upon [the insured] . . . for such information as it desires" in determining whether to provide coverage. *Old Line Life Ins. Co. v. Superior Court*, 229 Cal. App. 3d 1600, 1604 (1991) (internal quotation marks omitted). But it may not blindly ignore evidence of misrepresentation, collect premiums, and then opportunistically rescind once a claim is filed. Under California law, "[t]he right to information of material facts may be waived . . . by neglect to make inquiries as to such facts, where they are distinctly implied in other facts of which information is communicated." Cal. Ins. Code § 336. Where an insurer has "before it information that plainly indicate[s] that the insured's statements [are] not true," it has a "duty of further inquiry" to determine the "pertinent facts." *Rutherford v. Prudential Ins. Co. of Am.*, 234 Cal. App. 2d 719, 733–34 (1965). This includes a duty to investigate "information which if pursued with reasonable diligence" would reveal misrepresentations.

---

[2] Because we uphold the district court's judgment on the question of waiver, we need not decide whether Star was required to show that Dunlap's misrepresentations were intentional, rather than negligent.

*DuBeck v. Cal. Physicians' Serv.*, 234 Cal. App. 4th 1254, 1267 (2015) (internal quotation marks omitted).

The district court identified numerous pieces of evidence spanning nearly two years that "distinctly implied" the falsity of information in Sunwest's insurance applications and subsequent communications with Star. For example, (i) Sunwest's website advertised paper and plastic recycling as a main part of its business; (ii) a September 2011 site inspection of Sunwest revealed that Sunwest "fill[ed] large dumpster bins" with, *inter alia*, paper products; and (iii) two other site inspections—one in January 2012 and one in 2008, the report of which Star received in February 2012—noted substantial paper processing. Star was clearly aware that the application information was inconsistent with these facts, as indicated by its repeated inquiries into Sunwest's operations. The answers Star received from Dunlap were non-responsive, and simply reiterated that 100 percent of Sunwest's annual revenue came from metal products.

The district court did not clearly err in finding that Star had before it information that "distinctly implied" material misrepresentations, and that it failed to satisfy its duty to investigate such evidence. The duty of inquiry requires an insurer to not only ask questions, but also to investigate answers. *See DuBeck*, 234 Cal. App. 4th at 1267. Here, Star made inquiries, but then ignored the inadequacy

5

of the answers it received. Having turned a blind eye for nearly two years, Star waived its right to rescind when Sunwest filed a claim. *See id.* at 1256, 1268.

**2.**

Sunwest cross-appeals the district court's reduction in its recovery from Star by a portion of Sunwest's recovery from Dunlap. Sunwest settled its suit against Dunlap for, *inter alia*, making erroneous representations to Star. The district court found that approximately $232,000 of the $535,000 settlement represented losses Sunwest incurred under its fire insurance policy. Because Sunwest's nearly $978,000 recovery from Star on its breach of contract claim also covered its fire loss, the district court offset the judgment against Star by the $232,000 it received from Dunlap to prevent double recovery. Thus, Sunwest's total recovery from Star amounted to approximately $746,000, not including prejudgment interest and costs of suit under Federal Rule of Civil Procedure 54(d)(1).

The district court acted within its equitable discretion in granting the offset. *See Plut v. Fireman's Fund Ins. Co.*, 85 Cal. App. 4th 98, 108 (2000). California courts have declined to extend the collateral source rule to contract-based claims. *Id.* at 107–08. Unlike tort damages, "[c]ontract damages are generally limited to those within the contemplation of the parties when the contract was entered into." *Id.* at 108 (internal quotation marks omitted) (citing Restatement (Second) of

Contracts § 347 cmt. e, which states that "[t]he injured party is limited to damages based on his actual loss caused by the breach"). Because Sunwest recovered contract damages from Star, its "recovery is reduced if [its] losses are avoided or mitigated." *Id.* Sunwest's losses were mitigated by its settlement with Dunlap. Therefore, the district court did not err in limiting Sunwest's total recovery to its "actual loss." *See id.* (internal quotation marks omitted).

**AFFIRMED.**